

ORDERED in the Southern District of Florida on April 25, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-15218-BKC-AJC
CHAPTER 13

IN RE:

ERIC SIMM
and DONNA SIMM,
    Debtors.
                      /

### ORDER GRANTING DEBTORS' MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY ONEWEST BANK, FSB

THIS CAUSE having come on to be heard at 9:00 a.m., on April 16, 2013, on the Debtors' Motion to Value and determine secured status of lien on real property, [ECF 22]. Based upon the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and based upon the record, the Court FINDS as follows:

    A.    The value of the Debtors real property located at 2511 Northeast 41st Street, Homestead, FL 33033, and more particularly described as:

**LOT 12, OF BLOCK 4, OF MEGHAN'S PLACE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 161, PAGE 23, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA,**

is $82,600.00, at the time of filing.

    B.    The total of all claims secured by liens on the Real Property senior to the lien of Lender, OneWest Bank, FSB, (the "Lender") is $0.00.

    C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $82,600.00 and Lender, OneWest Bank, FSB, has a secured interest in the Real Property in such amount.

Consequently, it is ORDERED as follows:

1.    The Motion is GRANTED.

2.    Lender, OneWest Bank, FSB, has an allowed secured claim, in the amount of $82,600.00, for the mortgage, recorded on March 23, 2007 at OR Book 25476 at Pages 1321-1337 and the Assignment of Mortgage recorded on October 12, 2011 at OR Book 27856 at Page 2080, in the official records of Miami-Dade County, FL, at 3.25% interest for a total of $89,604.00.  This total amount is subject to change if the number of months paid is less than 60 months. Further, if this case is converted to a case under any other Chapter or if this Chapter 13 case is dismissed, Lender's mortgage shall be restored as a lien on the real property.

3.    (Select only one):

    _X_  Lender, OneWest Bank, FSB, has not filed a proof of claim in this case. The Trustee shall not disburse any payments to Lender unless a Proof of Claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured

claim, regardless of the original classification in the proof of claim as filed.

or

___ Lender, filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $, regardless of the original classification in the proof of claim as filed.

4. The real property may not be sold or refinanced without proper notice and further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtors receive a Discharge in this Chapter 13 case.

###

Submitted by:
Michael A. Frank, Esquire
10 Northwest LeJuene Road, Suite 620
Miami, FL 33126
Telephone (305) 443-4217
Facsimile (305) 443-3219
Email- Pleadings@bkclawmiami.com

Copies furnished to:
Michael A. Frank, Esquire
Nancy Neidich, Trustee
OneWest Bank, Creditor
OneWest Bank, FSB, Attn: Joseph Otting, President
Eric and Donna Simm, Debtors

Attorney, Michael A. Frank, is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt thereof.

LF-92 (rev. 01/0810)